UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re PETER FRANCIS MACERA, JR., <br> Debtor, <br><br> WELLS FARGO BANK, N.A., <br> Appellant, <br> v. <br> ROBERT S. WHITMORE, EL DRAG, INC., <br> Appellees. | No. ED CV 16-935 PA <br> ED CV 16-938 PA <br> ED CV 16-939 <br><br> OPINION ON APPEAL FROM BANKRUPTCY COURT <br><br> Bankruptcy Case No. 6:14-bk-18815-WJ <br> Adversary Proceeding No. 6:15-ap-1047-WJ |

Before the Court is an appeal filed by appellant Wells Fargo Bank, N.A. ("Wells Fargo" or "Appellant") stemming from an adversary proceeding filed by bankruptcy trustee and appellee Robert S. Whitmore ("Trustee") in the course of debtor Peter Francis Macera, Jr.'s ("Debtor") Chapter 7 bankruptcy. Wells Fargo challenges the decisions by the United States Bankruptcy Court for the Central District of California to grant partial summary judgment in the adversary proceeding in favor of the Trustee, enter an order dismissing the adversary proceeding, and denying Wells Fargo's Emergency Motion for Leave to File a Counterclaim. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

# I. Background

The dispute in this case centers around a series of grant deeds encumbering the real property located at 13533 2nd Ave, Victorville, CA (the "Victorville Property"). (Docket Nos. 18-22, Excerpt of Records ("ER"), 3.) Debtor is the President of both Goldstone Financial Inc. ("Goldstone") and El Drag, Inc. ("El Drag"). (ER, 2-3.) On June 9, 2003, Debtor, in his capacity as President of Goldstone, executed a grant deed transferring the Victorville Property to El Drag. (ER, 2-3, 101.)

On November 11, 2003, Debtor, in his individual capacity, executed a deed of trust ("Defective DOT") in favor of World Savings Bank, FSB, purporting to encumber the Victorville Property. (ER, 103-117.) However, on November 11, 2003, title to the Victorville Property belonged to El Drag rather than Debtor. (See ER, 101, 103-118.)

Appellant Wells Fargo acquired World Savings Bank, FSB's interest under the Defective DOT, and attempted to initiate foreclosure proceedings when payments owed pursuant to the Defective DOT became in arrears. (ER, 125-128.) Wells Fargo realized the defect in title, and on March 19, 2014, filed a lawsuit in San Bernardino County Superior Court, Case No. CIVDS 1403039, naming both Debtor and El Drag as defendants. (ER, 90-95.) In its Complaint, Wells Fargo alleged that after attempting to foreclose against the Victorville Property, it "discovered that the [Defective DOT] was made and executed by [Debtor] as an individual as the borrower/trustor instead as the principal of the Property's vested fee simple owner, El Drag." (ER, 93.) The lawsuit sought to either quiet title in favor of Wells Fargo, or to reform the Defective DOT to "reflect the true intent of the parties" by substituting El Drag as the borrower/trustor to the deed of trust, and amending the document to reflect that Debtor executed the deed of trust in his capacity as El Drag's principal. (ER, 90-95.) In connection with its lawsuit, Wells Fargo recorded a Notice of Pendency of Action against the Victorville Property. (ER, 131-33.)

A little over a month later, on April 30, 2014, Debtor, in his capacity as President of El Drag, executed a "Corrective Deed of Trust." (ER, 138-143.) In pertinent part, the Corrective Deed of Trust provides:

> This Agreement is made by and between Wells Fargo . . . herein after called Beneficiary, and El Drag, Inc., a California corporation, hereinafter called Borrower.
>
> WHEREAS, on November 11, 2003, Borrower's principal Peter F. Macera, Jr. did make, execute, and deliver to World Savings Bank, FSB, as Beneficiary . . . [a] Deed of Trust secur[ing] a promissory note dated October 30, 2003, in the amount of $75,000.00.
>
> WHEREAS, said Deed of Trust incorrectly identified Peter F. Macera, Jr. as the Borrower and Trustor, instead of Borrower, who was the vested owner of the [Victorville Property], contrary to the true intent of the parties of said Deed of Trust; . . .
>
> WHEREAS, the parties hereto desire to correct said Deed of Trust to confonn to the true intent of the parties.
>
> NOW THEREFORE, in consideration of the foregoing, the parties hereto do hereby correct said Deed of Trust to name El Drag, Inc., a California corporation as Borrower and Truster to the Deed of Trust.

(ER, 139.) After the Corrective Deed of Trust was executed and recorded, Wells Fargo withdrew its Notice of Pendency of Action on June 19, 2014, and dismissed its lawsuit on July 18, 2014. (ER, 145-48, 152-53.)

Debtor filed his Chapter 7 bankruptcy petition on July 8, 2014. On February 10, 2015, Trustee filed an adversary proceeding against Wells Fargo seeking a determination

that the Corrective Deed of Trust was void. (ER, 2-9.) On July 23, 2015, with leave of the Bankruptcy Court, Trustee filed an Amended Adversary Complaint. (ER, 259-272.)

Trustee then filed a Motion for Summary Adjudication ("MSA") contending that the Corrective Deed of Trust should be invalidated because El Drag did not receive any consideration in exchange for executing the document. (ER, 333-339.) After briefing from the parties and oral argument, the Bankruptcy Court found that it was an uncontroverted fact that "no contemporaneous consideration was provided for the [Corrective Deed of Trust]," (ER, 764) and, on February 11, 2016, granted Trustee's MSA by invalidating the Corrective Deed of Trust for lack of consideration. (ER, 762-768.) Having achieved the primary relief sought in the adversary proceeding, Trustee moved to dismiss his remaining claims without prejudice. (ER, 769-771.)

On April 14, 2016, Wells Fargo filed an "Emergency Motion for Leave to File Counterclaim or, in the Alternative, for Order Shortening Time for Expedited Heading on Motion for Leave to File Counterclaim." (ER, 789-795.) On April 25, 2016, the Bankruptcy Court entered a Judgment in favor of Trustee, (ER, 860-861), granted Trustee's unopposed motion to dismiss his remaining claims without prejudice, (ER, 863-864), and denied Wells Fargo's Emergency Motion seeking leave to file a counterclaim, (ER, 865-66).

Presently before the Court is Wells Fargo's Appeal, which asserts that the Bankruptcy Court erred by granting the MSA and entering Judgment in favor of Trustee, and abused its discretion in denying Wells Fargo's Emergency Motion for leave to file a counterclaim.[1/]

**II.     Jurisdiction**

This Court possesses appellate jurisdiction over a Bankruptcy Court's final order disposing of the claims in an adversary proceeding. See 28 U.S.C. § 158(a); <u>In re SK Foods, L.P.</u>, 676 F.3d 798, 801 (9th Cir. 2012).

---

[1/]     Wells Fargo filed three substantively identical Notices of Appeal challenging the Bankruptcy Court's rulings. Those appeals were assigned Case Numbers ED CV 16-935 PA, ED CV 16-938 PA, and ED CV 16-939 PA. This Opinion resolves the issues raised in all three of the cases pending before this Court.

-4-

## III. Standard of Review

The Bankruptcy Court's legal conclusions are reviewed de novo, while factual findings are reviewed for clear error. Greene v. Savage, 583 F.3d 614, 618 (9th Cir. 2009). "A court's factual determination is clearly erroneous if it is illogical, implausible, or without support in the record." In re Retz, 606 F.3d 1189, 1196 (9th Cir. 2010). This Court applies a de novo standard of review to an order granting summary judgment. In re Barboza, 545 F.3d 702, 707 (9th Cir. 2008). The denial of a motion seeking leave to amend is reviewed for abuse of discretion. AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 949 (9th Cir. 2006).

The Bankruptcy Court's decision may be affirmed on any ground finding support in the record. In re Frontier Properties, Inc., 979 F.2d 1358, 1364 (9th Cir. 1992).

## IV. Discussion

The Bankruptcy Court analyzed the validity of the Correct Deed of Trust under California Civil Code § 2787 and found that the Corrective Deed of Trust must be invalidated, as a matter of law, because El Drag received no contemporaneous consideration for executing the document. In support of that conclusion, the Bankruptcy Court found that it was an uncontroverted fact that "no contemporaneous consideration was provided for the [Corrective Deed of Trust]." (ER, 764.)

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); see also Musick v. Burke, 913 F.2d 1390, 1394 (9th Cir. 1990). The moving party must affirmatively show the absence of such evidence in

the record, either by deposition testimony, the inadequacy of documentary evidence, or by any other form of admissible evidence. See Celotex, 477 U.S. at 322, 106 S. Ct. at 2552. The moving party has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial. See id. at 325, 106 S. Ct. at 2554.

As required on a motion for summary judgment, the facts are construed "in the light most favor-able to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). However, the nonmoving party's allegation that factual disputes persist between the parties will not automatically defeat an otherwise properly supported motion for summary judgment. See Fed. R. Civ. P. 56(e)(2) (nonmoving party "may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as other-wise provided in this rule—set out specific facts showing a genuine issue for trial"). A "mere 'scintilla' of evidence will be insufficient to defeat a properly supported motion for summary judgment; instead, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'" Fazio v. City & County of San Francisco, 125 F.3d 1328, 1331 (9th Cir. 1997) (quoting Anderson, 477 U.S. at 249, 252, 106 S. Ct. at 2510, 2512). Otherwise, summary judgment shall be entered.

Here, applying a de novo standard of review and construing the facts in the light most favorable to Wells Fargo, the Court finds that there was a genuine dispute of material fact whether Wells Fargo's dismissal of a lawsuit naming El Drag as a defendant provided contemporaneous consideration for El Drag's execution of the Corrective Deed of Trust. It is well settled under California law that electing not to pursue a legal remedy can serve as valid consideration for a contract. See MWS Wire Indus., Inc. v. California Fine Wire Co., 797 F.2d 799, 802 (9th Cir. 1986) ("We reject CFW's contention that the district court properly voided the settlement agreement for failure of consideration . . . Under California law, '[f]orbearance to make use of some legal remedy is sufficient consideration for a promise.'") (citing Healy v. Brewster, 251 Cal.App.2d 541, 551, 59 Cal.Rptr. 752, 758 (1967)); see also Salmeron v. United States, 724 F.2d 1357, 1363 (9th

Cir. 1983) ("[F]orbearance to prosecute a disputed claim is good consideration."). The record in this action demonstrates that Wells Fargo filed its lawsuit on March 19, 2014, and just one month later, on April 30, 2014, the Corrective Deed of Trust was executed. (See ER 90-95, 138-143.) Wells Fargo then withdrew its recorded Notice of Pendency of Action and dismissed its lawsuit naming both El Drag and Debtor as defendants. (ER, 138-143, 145-48, 152-53.) Because there was a disputed issue of material fact as to consideration, the Bankruptcy Court erred by granting Trustee's MSA and entering judgment in favor of Trustee.

A closer question, however, is whether Wells Fargo preserved this argument on appeal by raising it below. See In re Jan Weilert RV, Inc., 315 F.3d 1192, 1199 (9th Cir.), amended, 326 F.3d 1028 (9th Cir. 2003) ("Absent exceptional circumstances, this court generally will not consider arguments raised for the first time on appeal."); In re Kelly, 499 B.R. 844, 856 (S.D. Cal. 2013) ("Because the Kellys failed to raise their consideration argument in the proceeding below, it is waived."), aff'd, 633 F. App'x 652 (9th Cir. 2016). Wells Fargo's Opposition to the MSA did not directly assert that the dismissal of its lawsuit against El Drag provided consideration for El Drag to execute the Corrective Deed of Trust, (see ER, 605-15), but the Court finds that Wells Fargo's counsel preserved the argument by raising it at the MSA hearing. (See Docket No. 24, Supplemental Excerpts of Record, 119-120) ("So to the extent that -- that new consideration is required, the testimony to avoid the lawsuit, that would be the -- the new consideration."). The Court notes, however, that had Wells Fargo squarely presented this argument in its opposition papers, the Bankruptcy Court may well have reached a contrary result, thus avoiding the need for this appeal.[2]

---

[2] There are myriad differences between the arguments advanced by Wells Fargo on appeal and below. Much of Wells Fargo's appellate briefing contends that the validity of the Corrective Deed of Trust is better analyzed under Cal. Civ. Code § 3399, which provides: "When, through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved, so as to

-7-

Finally, the Bankruptcy Court did not abuse its discretion by denying Wells Fargo's Emergency Motion seeking leave to file a counterclaim. Rule 15 of the Federal Rules of Civil Procedure provides for amendment to a party's pleading by leave of the court, and such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); DCD Programs, Ltd., v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (noting that leave to amend should be granted with "extreme liberality" to "facilitate decision on the merits rather than on pleadings or technicalities"). The Court considers five factors in assessing a motion for leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004).

When the Bankruptcy Court denied Wells Fargo's Emergency Motion, it had already granted a motion for summary adjudication which was ultimately dispositive of the adversary proceeding. "[A] court ordinarily will be reluctant to allow leave to amend to a party against whom summary judgment has been entered." Nguyen v. United States, 792 F.2d 1500, 1503 (9th Cir. 1986). This is because "[m]uch of the value of summary judgment procedure in the cases for which it is appropriate ... would be dissipated if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back long thereafter and fight on the basis of some other theory." Id. Because that was precisely the situation presented by Wells Fargo's Emergency Motion, the Bankruptcy Court did not abuse its discretion in denying the motion for leave to amend.

---

express that intention, so far as it can be done without prejudice to rights acquired by third persons, in good faith and for value." Cal. Civ. Code § 3399. As Trustee points out, Wells Fargo never specifically cited § 3399 in its Opposition to the MSA, although it did make arguments which tracked the statute's language. (See Docket No. 30; ER 605-615.) On remand, with the benefit of full briefing on the issue, the Bankruptcy Court may determine in the first instance whether the Corrective Deed of Trust is best analyzed under Section 2787 or 3399 of the California Civil Code.

-8-

**Conclusion**

For all of the foregoing reasons, the Court affirms the Bankruptcy Court's denial of Wells Fargo's Emergency Motion for Leave to Amend, reverses the entry of Judgment in favor of Trustee, and remands this action for further proceedings not inconsistent with this opinion.

DATED: September 6, 2017

                                                                           Percy Anderson
                                          UNITED STATES DISTRICT JUDGE